1  Roderick M. Thompson (State Bar No. 96192)
   rthompson@fbm.com
2  Deepak Gupta (State Bar No. 226991)
   dgupta@fbm.com
3  Sunshine W. Yin (State Bar No. 293799)
   syin@fbm.com
4  FARELLA BRAUN + MARTEL LLP
   235 Montgomery Street, 17th Floor
5  San Francisco, CA  94104
   Telephone:  (415) 954-4400
6  Facsimile:   (415) 954-4480

7  Attorneys for Defendant
   AMAZON.COM, INC.
8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12  BARRY ROSEN,                        Case No. 2:14-cv-02115-ABC-E

13             Plaintiff,               **DEFENDANT AMAZON.COM'S
                                        NOTICE OF MOTION AND
14  v.                                  MOTION TO DISMISS
                                        COMPLAINT UNDER RULE
15  AMAZON.COM, INC.; et al.,           12(b)(6)**

16             Defendant.               **DATE:        June 2, 2014
                                        TIME:         10:00 am
17                                      DEPT.:        Courtroom 680
                                        JUDGE:        Hon. Audrey B. Collins**
18

19                                      ACTION FILED: March 20, 2014
20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

30240\4343809.4

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES**

2  **AND THEIR ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that on June 2, 2014, at 10 a.m. in Courtroom 680

4  of the United States District Court for the Central District of California, located at

5  255 East Temple Street, Los Angeles, CA, 90012, or as soon thereafter as may be

6  heard, Defendant Amazon.com, Inc. ("Amazon") will, and hereby does, move for

7  an order pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that

8  the Complaint of Plaintiff Barry Rosen ("Plaintiff") fails to state facts sufficient to

9  constitute a claim upon which relief can be granted.

10      This motion is based on this notice of motion, the attached memorandum of

11  points and authorities, the records and files in this action, and any argument of the

12  parties.

13      This motion follows the conference of counsel pursuant to L.R. 7-3, which

14  took place on April 21, 2013, seven days before the filing of this motion.  Amazon

15  requests that the Court grant its motion and dismiss Plaintiff's complaint as to

16  Amazon in its entirety.

17

18

19  Dated:  April 28, 2014                    FARELLA BRAUN + MARTEL LLP

20

21                                           By:   */s/ Deepak Gupta*
                                                   Deepak Gupta
22
                                             Attorneys for Defendant
23                                           AMAZON.COM, INC.

24

25

26

27

28

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

30240\4343809.4

# TABLE OF AUTHORITIES

**Page**

I.    INTRODUCTION AND BACKGROUND ...................................................... 1

II.   THE ALLEGED FACTS ............................................................................ 1

III.  LEGAL STANDARD ................................................................................ 3

IV.  THE COMPLAINT FAILS TO PLEAD AN *ACTUAL* ACT OF DIRECT INFRINGEMENT BY AMAZON OR ITS USERS AFTER THE BUY LINK WAS REMOVED, WHICH IS A THRESHOLD REQUIREMENT FOR PLAINTIFF'S THEORY OF INFRINGEMENT ........................................................................................ 4

     A.    The Plain Language of the Copyright Act Requires an *Actual* Infringement, Not Mere *Hypothetical* Infringement ........................... 5

     B.    Plaintiff Further Fails to Allege Any Volitional Conduct by Amazon or its Users, Which is Required for Direct Infringement Liability ............................................................................................... 8

V.   PLAINTIFF FAILS TO STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT, INDUCEMENT, OR VICARIOUS LIABILITY ......... 10

     A.    Plaintiff's Claim for Contributory Infringement Fails Because He Does Not Allege Amazon Knew or Had Reason to Know of Any Infringement After Removal of the Buy Link ........................... 10

     B.    Plaintiff's Claim for Active Inducement Liability Fails Because He Has Not Alleged Facts That Satisfy *Grokster's* Specific Intent Standard .................................................................................. 12

     C.    Plaintiff's Claim for Vicarious Infringement Fails Because He Alleges No Facts Showing How Amazon Received a Direct Financial Benefit from Infringement After It Removed the Buy Link ................................................................................................. 14

VI.  CONCLUSION ....................................................................................... 17

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

- i -

30240\4343809.4

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

**FEDERAL COURT CASES**

4  *A&M Records, Inc. v. Napster, Inc.,*
5      239 F.3d 1004 (9th Cir. 2001)................................................................*passim*

*Ashcroft v. Iqbal,*
6      556 U.S. 662 (2009) ...............................................................3, 5, 14

7  *Atlantic Recording Corp. v. Howell,*
       554 F. Supp. 2d 976 (D. Ariz. 2008)................................................4
8
   *Bell Atlantic Corp. v. Twombly,*
9      550 U.S. 544 (2007) ................................................................3, 5

10 *Cartoon Network LP, LLLP v. CSC Holdings, Inc.,*
       536 F.3d 121 (2nd Cir. 2008) ...............................................8, 9
11
   *Columbia Pictures Indus., Inc. v. Fung,*
12     710 F. 3d 1020 (9th Cir. ...............................................6, 7, 13

13 *CoStar Grp., Inc. v. LoopNet, Inc.,*
       373 F.3d 544 (4th Cir. 2004)................................................8, 9
14
   *Ellison v. Robertson,*
15     357 F.3d 1072 (9th Cir. 2004) ...............................................16

16 *Field v. Google Inc.,*
       412 F. Supp. 2d 1106 (D. Nev. 2006) .............................................11
17
   *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.,*
18     443 F.2d 1159 (2d Cir.1971).................................................10

19 *Hotaling v. Church of Jesus Christ of Latter-Day Saints,*
       118 F.3d 199 (4th Cir. 1997)..................................................7
20
   *Luvdarts, LLC v. AT&T Mobility, LLC,*
21     710 F.3d 1068 (9th Cir. 2013)................................................15

22 *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
       545 U.S. 913 (2005) ...............................................................*passim*
23
   *Ninth Circuit in Columbia Pictures v. Fung,*
24     710 F. 3d 1020 (9th Cir. 2013)...............................................13

25 *Olan Mills, Inc. v. Linn Photo Co.,*
       23 F.3d 1345 (8th Cir. 1994)....................................................5
26
   *Perfect 10, Inc. v. Amazon.com, Inc.,*
27     508 F. 3d 1146 (9th Cir. 2007)................................................*passim*

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                    - ii -                              30240\4343809.4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Religious Tech. Ctr. v. Netcom On-Line Commc'n. Servs., Inc.,*
  907 F. Supp. 1361 (N.D. Cal. 1995)...............................................................8, 9

*Rosen v. Hosting Servs., Inc.,*
  771 F. Supp. 2d 1219 (C.D. Cal. 2010).......................................................*passim*

*Sony Corp. of America v. Universal City Studios, Inc.,*
  464 U.S. 417 (1984) ...............................................................................10

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.,*
  24 F.3d 1088 (9th Cir. 1994) ..................................................................4

**FEDERAL STATUTORY AUTHORITIES**

17 U.S.C.
  § 106 ...........................................................................................*passim*
  § 106(1).............................................................................................5
  § 106(3).............................................................................................6
  § 107 ................................................................................................6

**OTHER AUTHORITIES**

*Rosen v. Amazon.com,*
  Case No. 12-CV-10413 ABC (Ex) (C.D. Cal. Mar. 6, 2014) ............................7

*Rosen v. Tucows, Inc.,*
  Case No. 2:13-CV-01742-SJO-MAN (C.D. Cal. Jan. 29 2014) .........................1

1 Paul Goldstein, *Copyright: Principles, Law and Practice*
  § 6.1, at 705 (1989)...............................................................................4

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                    - iii -                    30240\4343809.4

## I. **INTRODUCTION AND BACKGROUND**

Barry Rosen has brought over 40 copyright cases in the Central District of California alone. These cases are often disposed of on motions to dismiss and early summary judgment motions. *See, e.g.*, *Rosen v. Hosting Servs., Inc.*, 771 F. Supp. 2d 1219 (C.D. Cal. 2010) (summary judgment against Rosen); *Rosen v. Tucows, Inc.*, case 2:13-cv-01742-SJO-MAN (C.D. Cal. Jan. 29, 2014) (granting motions to dismiss without leave to amend). As this Court has found, in a nearly identical case previously filed against Amazon, Mr. Rosen is an uncooperative—at best— participant in the litigation he unleashes. *See Barry Rosen v. Amazon.com, Inc.*, CV 12-10413 ABC (Ex) at 3 (C.D. Cal. Mar. 6, 2014) ["*Rosen I*"]("Plaintiff [Rosen] is on notice that the Court strongly disapproves of his apparent strategy" of evading questions at deposition and later "blatant[ly] attempt[ing] to 're-do' it without providing Amazon an opportunity for cross-examination").

Once again, Mr. Rosen alleges only *hypothetical* copyright infringement without alleging any facts from which the Court could plausibly infer *actual* copyright infringement. Mr. Rosen is attempting to hold Amazon liable for the continued storage on Amazon's servers of a photo in which he claims copyright after the ability to buy that photo was disabled. He does not allege that Amazon loaded the image onto its servers, that anyone purchased the photo, or that anyone accessed it from Amazon's servers. Instead, Mr. Rosen is attempting to use a hypothetical injury to gain access to the statutory damages of the Copyright Act. But the Copyright Act is not intended to award windfalls for theoretical harms. Because Mr. Rosen's complaint does not allege facts that raise his right to relief beyond the speculative level, the court should dismiss his claims in their entirety.

## II. **THE ALLEGED FACTS**

In addition to items that it offers for sale directly to consumers from its website, Amazon also allows third-party merchants to use the Amazon e-commerce platform to sell their goods over the Internet. On December 11, 2013, Mr. Rosen

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

30240\4343809.4

1  notified Amazon that a third-party seller using the ID "The History Of the Game"

2  had listed for sale on Amazon a print of the tennis player Anna Kournikova.

3  Compl. at ¶ 11.

4      Notably, Mr. Rosen does not allege that Amazon itself had a hand in the

5  initial upload of the image.  Rather, he admits that "a *seller* … made and posted an

6  unauthorized copy of [it on][*sic*] amazon.com and images-amazon.com."  ¶ 11

7  (emphasis added).

8      Claiming a copyright to the photo, Mr. Rosen asked Amazon to take it down.

9  ¶¶ 13-14.  The same day, Amazon acknowledged receipt of Mr. Rosen's DMCA

10 notice, ¶¶ 15-16; and the very next day, Amazon responded, "The listing you

11 identified appears to have been removed from Amazon.com."  ¶ 16.[1]

12     Once the listing had been promptly disabled, the photo was unavailable for

13 purchase.  Mr. Rosen admits this.  ¶ 16.  Mr. Rosen does not allege that any prints

14 were ever sold even while the listing was up.

15     The focus of Mr. Rosen's infringement theory is that "Amazon…only

16 disabled the ability to buy the item," but left the photo "active and available to the

17 entire world on amazon.com and images-amazon.com."  ¶ 16.  He contends that

18 after his notice was received by Amazon and the buy link for the Kournikova print

19 was removed, (1) the small JPEG image that had been uploaded by the third party

20 merchant remained stored on Amazon's internal images-amazon.com "ecx" server,

21 and (2) a deactivated product detail page containing the image remained on

22 amazon.com (with a product status of "currently unavailable").  He contends that

23 the defunct detail page and the JPEG image *could have been accessed* by someone

24 after Amazon acted on his notice.  However, he conspicuously does not allege that

25 either the JPEG or the detail listing page was ever *actually accessed* by anyone

26 

27 [1] Amazon's response suggests that the merchant who posted the product removed
the inventory for this product before Amazon got to it.  It is clear that the Amazon

28 employee believed that the listing was removed.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                 - 2 -                                    30240\4343809.4

other than him, or that they *could have* been reached by using Amazon's search engine after the buy link was removed.  In other words, his theory of direct infringement is that there remained a *possibility* that someone who had saved the URL of the detail listing page or JPEG image could have reentered the URL to access the image after the buy link was taken down.[2]

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss enables the court to weed out claims that fail as a matter of law, or are speculative and implausible.  A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The pleadings must contain "enough factual matter . . . to raise a reasonable expectation that discovery will reveal evidence of" the alleged wrongdoing.  *Id.* at 556.  Moreover, at the motion to dismiss stage, "[t]he tenet that a court must accept a complaint's allegations as true is inapplicable to the threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

*Twombly* also admonishes Plaintiffs against using complaints as "fishing expedition[s]"—i.e., to use litigation as a way to test the plausibility of their claims. *See Twombly*, 440 U.S. 544 at 177.

---

[2] On April 21, 2014, the parties met and conferred on the contents of this motion under Local Rule 7-3.  Plaintiff's counsel conceded that, as far as he was aware, Plaintiff was the only person who had ever viewed the links after the buy link was taken down.  *See, e.g.,* Ex. 10. Plaintiff's counsel stated he would not withdraw the Complaint, however, because it was an important legal question whether merely having the URLs available such that they were *potentially* accessible by others could constitute direct infringement.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                     - 3 -

30240\4343809.4

**IV.  THE COMPLAINT FAILS TO PLEAD AN *ACTUAL* ACT OF DIRECT INFRINGEMENT BY AMAZON OR ITS USERS AFTER THE BUY LINK WAS REMOVED, WHICH IS A THRESHOLD REQUIREMENT FOR PLAINTIFF'S THEORY OF INFRINGEMENT**

Plaintiff's mere allegation that someone other than him *could have* accessed the file after the buy link was taken down in response to his notice, fails as a matter of law, because the mere possibility that someone could have viewed the file fails to state a claim for *actual* (as opposed to hypothetical) direct infringement.

Direct infringement is a requirement for any theory of relief under the Copyright Act.  To show direct infringement, Plaintiff has the burden to "demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106."  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F. 3d 1146, 1159 (9th Cir. 2007).

To state a claim for secondary liability, Plaintiff must allege a direct infringement because "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party."  *Perfect 10*, 508 F. 3d at 1146 (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)); *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 987 (D. Ariz. 2008), ("[A] defendant can only be held contributorily liable if a direct or primary infringement has been proved."); *see also Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1092-93 (9th Cir. 1994) (collecting authorities).  *See generally* 1 Paul Goldstein, *Copyright: Principles, Law and Practice* § 6.1, at 705 (1989) ("It is definitional that, for a defendant to be held contributorily…liable, a direct infringement must have occurred.").  This is a fundamental tenet of copyright law and it is common sense: one cannot be accountable for contributing to infringement if there is no infringement in the first place.

Beyond threadbare recitations of the legal elements of direct infringement (Compl. ¶ 10), which as a matter of law the Court should disregard, Plaintiff's primary theory of relief, recited at paragraphs 11-18, does not fault Amazon for the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

- 4 -

30240\4343809.4

1    initial upload of the file at issue.  This was the sole doing of the third party seller

2    who created the listing.[3]  ¶ 11.

3          Rather, Plaintiff faults Amazon for the *persistence* of the images on

4    Amazon's server storage after the buy link was removed.  The Complaint goes only

5    so far to assert that his copyright *could have been* infringed:  in Plaintiff's words,

6    the photo was "active and available to the entire world on amazon.com and images-

7    amazon.com."[4]  Noticeably absent is any allegation that a user *actually* viewed the

8    detail page on amazon.com or directly accessed the JPEG that it contained (which

9    was stored on images-amazon.com).  Nor does he allege that these URLs remained

10   in Amazon's search engine for the public to access.

    A.    **The Plain Language of the Copyright Act Requires an *Actual* Infringement, Not Mere *Hypothetical* Infringement.**

13         The continued presence of this image file in an unindexed and unsearchable

14   state, without an allegation that a member of the public ever viewed it, fails to state

15   a claim for direct infringement as a matter of law, and warrants complete dismissal

16   in favor of Amazon.  The Copyright Act, 17 U.S.C. §§ 106(1), (3) and (5), by their

17   plain terms, give the copyright owner the exclusive rights to "reproduce," "to

18   distribute copies to the public . . . by sale or other transfer of ownership," and "to

19   display the copyrighted work publicly."  Thus, the statute requires an *actual* act of

20   invasion, not a *hypothetical* or possible one.  Plaintiff has failed to plead any *actual*

21   infringement as required.[5]

[3] Any attempt to attach liability to Amazon for the initial upload under a theory of
inducement or vicarious liability, fails for the reasons stated at sections V.B, and
V.C, *infra*.

[4] The complaint is replete with boilerplate recitations of the legal standards for
direct and secondary infringement.  *See* Compl. ¶¶ 10, 18, 19, 21, 22, 23, 25.  But
under *Twombly* and *Iqbal*, these should be disregarded at the motion to dismiss
stage.  *Iqbal*, 556 U.S. at 663.

[5] Of note, Mr. Rosen's own "investigation" does not constitute a "direct
infringement" because he cannot infringe his own copyright.  *Olan Mills, Inc. v.*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                    - 5 -                                    30240\4343809.4

1   Courts have repeatedly affirmed that infringement of one of these rights

2   requires an *actual* violation.  In *MGM Studios v. Grokster*, 545 U.S. 913 (2005), the

3   Supreme Court examined the liability of a peer-to-peer file-sharing network and

4   wrote that liability "*of course* requires evidence of *actual* infringement by recipients

5   of the device, the software in this case."  *Id.* at 940 (emphasis added).

6   The Ninth Circuit has unwaveringly followed this rule.  Thus, in *Perfect 10 v.*

7   *Amazon.com,* 508 F.3d 1146, 1162 (9th Cir. 2007), the Ninth Circuit ruled that

8   distribution requires "actual dissemination"; it should not be "deemed."  The

9   plaintiff in *Perfect 10*, an adult entertainment magazine that provided a

10   subscription-only website, sued Google and other internet service providers for

11   direct and secondary infringement.  Perfect 10 argued that Google had violated its

12   distribution right because Google's search engine provided thumbnail-sized photos

13   in response to image search requests (some of which were copyrighted by Perfect

14   10), and the thumbnail-sized images in these results were linked to the

15   corresponding full-size Perfect 10 photos on other websites on the Internet.[6]  The

16   court found that because "Google did not *communicate* [i.e., transmit] the full-size

17   images to the user's computer, Google did not distribute these images."  *Id.* at 1162.

18   The court refused to graft a "deemed distribution" theory to the distribution right

19   under 17 U.S.C. § 106(3), and instead affirmed that "the district court's conclusion

20   [that distribution requires an 'actual dissemination'] is consistent with the language

21   of the Copyright Act."  *Id.*

22   Subsequent Ninth Circuit decisions have reaffirmed the "actual" distribution

23   rule.  In *Columbia Pictures Indus., Inc. v. Fung*, 710 F. 3d 1020, 1034 (9th Cir.

24   _____

25   *Linn Photo Co.*, 23 F.3d 1345, 1348 (8th Cir. 1994) ("It is well-established that the
    lawful owner of a copyright cannot infringe its own copyright.")  Mr. Rosen, as the

26   alleged copyright owner, by definition *has* the exclusive rights to distribute,
    display, and reproduce his own works.

27   [6] Google's display of the thumbnail photos was found to be a fair use under 17

28   U.S.C. § 107.  *Perfect 10*, 508 F.3d at 1168.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                    - 6 -                    30240\4343809.4

2013), the Court required "evidence of actual infringement" by users of Defendant's peer-to-peer related services.  The court found that where 90-96% of the files available on the network were infringing and defendant did "not attempt to rebut the factual assertion that that his services were widely used to infringe," the actual infringement requirement was satisfied.  *Id.*

Much like in *Perfect 10*, here, there is no allegation that Amazon ever actually *communicated* the stored JPEG to any user (other than Mr. Rosen himself). Plaintiff has previously argued that the mere availability of the image on Amazon's internal server, even if it is never viewed by anyone other than Plaintiff himself, constitutes infringement.[7]  Here Plaintiff recycles this theory, by alleging merely that the Kournikova JPEG remained on Amazon's servers.[8]  However this Court has already noted the lack of foundation for this theory:  in *Rosen I*, Judge Collins observed that though Mr. Rosen downloaded the subject images from Amazon's image servers, "Plaintiff has presented no evidence of any other person accessing the image files."  Order, Dkt. 71 at 5.

If anything, Plaintiff's case for "deeming" distribution against Amazon is even weaker than Perfect 10's case against Google because there, individuals were able to use Google's search engine to locate the copyrighted files.  Here, there is no allegation that the image could have been found through Amazon's search engine, thus making transmission or distribution of the photos even less plausible.[9]

---

[7] *See Rosen v. Amazon*, Case No. 12-CV-10413 ABC (Ex) (C.D. Cal. Mar. 6, 2014), Plaintiff Barry Rosen's Memorandum of Points And Authorities in Support of Motion for Partial Summary Judgment Re Liability for Copyright Infringement and Defendant's Affirmative Defenses, Jan. 27, 2014, at 12.

[8] The Court in its summary judgment order there did not reach the legal question of whether the mere availability of a file can constitute infringement.

[9] The *Perfect 10* Court refused the Plaintiff's invitation to expand liability to situations where merely making files "available" – without actual communication of the file – could be direct infringement.  In doing so, the Ninth Circuit expressly refused to follow *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997), on which Plaintiff relied in the parallel case.  508 F. 3d 1162

Mr. Rosen's bare assertion that the files were "active and available" does not satisfy the strict *actual* infringement standard of the Copyright Act, as required by *Grokster*, *Perfect 10* and *Fung*.

### B. Plaintiff Further Fails to Allege Any Volitional Conduct by Amazon or its Users, Which is Required for Direct Infringement Liability

The law is well-settled that direct infringement requires some act of "volitional conduct" in violation of the copyright owner's exclusive rights. *Religious Tech. Ctr. v. Netcom On-Line Commc'n. Servs.*, Inc., 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995) ("no allegations in the complaint to overcome the missing *volitional* or causal elements necessary to hold a BBS [bulletin board service] operator *directly liable* for copying that is automatic and caused by a subscriber"); *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2nd Cir. 2008) ("When there is a dispute as to the author of an allegedly infringing instance of reproduction, *Netcom* and its progeny direct our attention to the *volitional conduct* that causes the copy to be made.") (emphasis added); *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004) ("*Netcom* made a particularly rational interpretation of § 106 when it concluded that a person had to engage in *volitional conduct*—specifically, the act constituting infringement—to become a direct infringer").

In *Religious Tech. Ctr. v. Netcom On-Line Commc'n. Servs., Inc.*, 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995), defendant Netcom supplied servers that provided the means to copy, distribute, or display plaintiff's works, in the same manner that the owner of a public copying machine would provide the means for a third party to copy protected material. *Id.* at 1369. The court held that "There are no allegations in the complaint to overcome the missing *volitional* or causal

("Perfect 10 incorrectly relies on *Hotaling v. Church of Jesus Christ of Latter-Day Saints* and *Napster* for the proposition that merely making images 'available' violates the copyright owner's distribution right.")

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                           - 8 -                           30240\4343809.4

1  elements necessary to hold a BBS [bulletin board service] operator *directly liable*

2  for copying that is automatic and caused by a subscriber." *Id.* at 1381-82 (emphasis

3  added).  In the years since it was decided, *Netcom's volitional* act requirement for

4  direct infringement has been adopted by courts across the country.  *See, e.g.*,

5  *Cartoon Network*, 536 F.3d at 131 (2nd Cir. 2008) ("When there is a dispute as to

6  the author of an allegedly infringing instance of reproduction, *Netcom* and its

7  progeny direct our attention to the *volitional conduct* that causes the copy to be

8  made.") (emphasis added); *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551

9  (4th Cir. 2004) ("*Netcom* made a particularly rational interpretation of § 106 when

10  it concluded that a person had to engage in *volitional conduct—*specifically, the act

11  constituting infringement—to become a direct infringer").

12       Plaintiff has failed to allege that Amazon or its users engaged in any

13  volitional conduct with respect to the image file at issue after the buy link was

14  removed.  Plaintiff concedes there was no volitional conduct on Amazon's part

15  during the initial upload of the image.  Much like in *Netcom*, here that was the

16  third-party seller's doing.  Once uploaded by the third-party seller, the JPEG file

17  remained on Amazon's internal servers for a period of time.  After Amazon

18  received notice and the buy link was removed, Plaintiff's mere allegation that the

19  image file continued to be "available" does not suggest that Amazon or any user

20  actually *did* anything with the file.  He thus fails to allege the *volitional conduct*

21  necessary to state a claim for direct infringement.

22       Because Plaintiff has presented no allegation that any other person other than

23  he accessed the image files after the buy link was removed, his complaint fails as a

24  matter of law and should be dismissed.

25  **V.     PLAINTIFF FAILS TO STATE A CLAIM FOR CONTRIBUTORY
          INFRINGEMENT, INDUCEMENT, OR VICARIOUS LIABILITY**

26

27       Plaintiff's theories of secondary liability – contributory liability, Compl.

28  ¶ 19; active inducement, ¶ 20; and vicarious liability, ¶ 21 – are premised on little

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

- 9 -

30240\4343809.4

1  more than bare legal recitations and implausible speculations.  They each therefore

2  fail as a matter of law.

3       **A.**    **Plaintiff's Claim for Contributory Infringement Fails Because He Does Not Allege Amazon Knew or Had Reason to Know of Any**

4                 **Infringement After Removal of the Buy Link**

5        A contributory infringer is "one who, *with knowledge* of the infringing

6  activity, induces, causes or materially contributes to the infringing conduct of

7  another." *Perfect 10*, 508 F. 3d 1146 (9th Cir. 2007) (emphasis added) (citing

8  *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d

9  Cir.1971)).  The knowledge required for a finding of contributory infringement may

10  not be imputed merely because a technology may be used to infringe a plaintiff's

11  copyrights.  *Napster*, 239 F.3d at 1020-21 (discussing *Sony Corp. of America v.*

12  *Universal City Studios, Inc.*, 464 U.S. 417 (1984)).  Rather, the defendant must

13  have *actual, specific* knowledge of direct infringement.  *Id.* at 1020-22.

14        Here, Plaintiff has not pled facts plausibly suggesting that after the buy

15  listing on the amazon.com website to the Kournikova print was removed, Amazon

16  continued to have knowledge of direct infringement.  Quite to the contrary, the

17  complaint alleges that the day after Mr. Rosen sent his notice, Amazon responded,

18  "The listing you identified appears to have been removed from Amazon.com."

19  Comp. ¶ 16.  Thus, Amazon believed that the detail listing had already been taken

20  down.

21        Amazon also had no "reason to know" that a user would go to the lengths

22  Mr. Rosen apparently did to access the photo directly from Amazon's image

23  servers.  To access the image file after the buy link was removed, would have

24  required a user to identify the URL to Ms. Kournikova's image when the detail

25  page was up, save the encrypted string of letters, and, then, after the listing page

26  was taken down, go to a computer, launch a browser, copy and paste in the saved

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

- 10 -

30240\4343809.4

1    image URL, and then view the picture.[10]  That anyone other than Mr. Rosen might

2    access the image in this way is simply implausible: there are far more convenient

3    methods of obtaining images of Ms. Kournikova, such as entering her name into

4    any popular image search engine.  Unsurprisingly, Plaintiff does not allege that

5    anyone – other than he himself – actually ever carried out these steps.  Dismissal of

6    the contributory infringement theory of relief is accordingly appropriate.

7         Mr. Rosen's own silence regarding the detail listing page URL further belies

8    his contributory infringement theory.  After Amazon responded "that the listing []

9    identified appears to have been removed from Amazon.com," Mr. Rosen did not

10   then promptly notify Amazon that he was still able to retrieve the detail listing page

11   by directly entering the URL he had saved.  When Amazon first became aware of

12   this issue (in Mr. Rosen's supplemental declaration in support of summary

13   judgment in *Rosen I*) Amazon promptly removed that URL, too.

14        Mr. Rosen's complaints have previously been dismissed for his use of "hide

15   the ball" tactics when giving notice to service providers.  In *Rosen v. Hosting

16   Servs., Inc.*, 771 F. Supp. 2d 1219 (C.D. Cal. 2010), the court ruled that a takedown

17   notice sent by Mr. Rosen was ambiguous—possibly even "a knowing material

18   misrepresentation" (*id.* at 1223)—and, as such, the court found that he had failed to

19   confer knowledge of infringement on the service provider for purposes of

20   contributory infringement.  *Id.* at 1223.  As in that previous case, here, Mr. Rosen's

21   silence deprived Amazon of the knowledge from which he now seeks to profit, and

22   he should be estopped from asserting that Amazon "knew or should have known"

23   of any hypothetical infringement.  *See Field v. Google Inc.,* 412 F. Supp. 2d 1106

24   (D. Nev. 2006) (copyright Plaintiff who remained silent in face of what he believed

25   _____

26   [10] Complaint Exhibit 10 is a print out that Plaintiff took of the detail listing page
     showing the product as "Currently Unavailable" in late February.  Plaintiff does not

27   allege that he retrieved this page from a search, rather than by having saved the
     URL when the detail page was live, and then returning to it after the buy link was

28   taken down.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                     - 11 -

30240\4343809.4

1    was infringement and which he could have readily prevented through a simple

2    notification to service provider, estopped from pursuing copyright claim).

3          Accordingly, Plaintiff's contributory infringement theory should be

4    dismissed with prejudice.

5          **B.    Plaintiff's Claim for Active Inducement Liability Fails Because He**
           **Has Not Alleged Facts That Satisfy *Grokster's* Specific Intent**

6          **Standard**

7          The complaint fails to state a claim for relief for active inducement liability,

8    because there are no allegations that Amazon had the specific intent to induce

9    infringement.  In *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S.

10   913 (2005), the defining case for active inducement liability, the Supreme Court

11   held that "[o]ne who distributes a device with the object of promoting its use to

12   infringe copyright, as shown by *clear expression* or other affirmative steps, . . . is

13   liable for the resulting acts of infringement by third parties." *Id.* at 936-37

14   (emphasis added).  This is a specific intent standard.  *See id.* at 962-63 (Breyer, J.,

15   concurring) ("As today's opinion makes clear, a copyright holder may proceed

16   against a technology provider where a provable specific intent to infringe (of the

17   kind the Court describes) is present.")  The salient facts in *Grokster* were:

18        •   Grokster and its co-defendants, through their peer-to-peer file sharing

19            architecture, permitted "staggering" infringement by allowing a user to

20            search all of the millions of other users' computers for infringing content

21            files.  *Id.* at 921-23.

22        •   Through advertising and solicitation, the defendants had "clearly voiced

23            the objective that recipients use it to download copyrighted works." *Id.* at

24            924, 927, 939-40.

25        •   "[T]he business models employed by [defendants] confirm that their

26            principal object was use of their software to download copyrighted

27            works. . . . [they] receive no revenue from users." *Id.* at 926.

28        •   Grokster took no steps to combat infringement, and indeed never

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                    - 12 -                              30240\4343809.4

1    responded to takedown notices.  *Id.* at 926-27.

2    The heightened showing required for *Grokster*-liability was recently reaffirmed by

3    the Ninth Circuit in *Columbia Pictures v. Fung*, 710 F. 3d 1020 (9th Cir. 2013), in

4    which it emphasized that "*Grokster* requires a high degree of proof of the improper

5    object," *id.* at 1034, and it is "crucial" that there be an inducing message to users,

6    *id.* at 1035.

7         Unlike with the peer-to-peer networks in *Grokster* and *Fung*, Plaintiff fails to

8    allege a single fact suggesting that Amazon was designed for the purpose of

9    promoting an "improper object" of broad-based copyright infringement.  Nor could

10   he.  Amazon's business model, starting with its origins as an online bookseller, to

11   its current status as a leading online retail platform for everything from

12   toothbrushes to TVs, is well known.  This business model is not alleged to have any

13   nexus to copyright infringement.  In stark contrast to *Grokster* and *Fung*, Plaintiff

14   alleges no facts showing that Amazon "voiced an objective" that sellers showcase

15   infringing products.  Contrary to Grokster and Fung's tolerance of infringement and

16   their failure to take any meaningful infringement countermeasures, Mr. Rosen here

17   concedes that Amazon responds to take-down notices, including (quite promptly)

18   the one at issue in this case.

19        Plaintiff's sole contention for inducement liability is that Amazon requires

20   some sellers to post images of their products.  However, Exhibit 13 and 14, which

21   are printouts of Amazon's listing requirements, show that images are required in

22   listings so that buyers can properly identify products and so that images will be of a

23   "consistent" quality and resolution across the site.  *See* Exhibit 13, at 3 ("For

24   consistency, all Amazon product pages must include professionally staged images

25   on white backgrounds.")  This neutral policy requiring posting of images alongside

26   products is a necessary part of running an online shopping site.  People will not buy

27   products unless they can see them.  It applies equally to books, electronics, sports

28   prints of the type at issue here, and all of the other categories of products that

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                           - 13 -                                    30240\4343809.4

1   Amazon's third-party merchants sell.  Most importantly, this policy does not

2   compel or encourage infringement; to the contrary, Amazon specifically prohibits

3   infringement of copyright and other IP rights.  Ex. 14, at 1  ("All product images

4   must meet Amazon site-wide image standards: . . . *Images . . . cannot contain . . .*

5   *unauthorized content*.") (emphasis added).  This policy does not show the "specific

6   intent" to promote copyright infringement.

7         Most telling is that Plaintiff advanced nearly identical allegations in *Rosen I*,

8   and yet, despite over a year of discovery, he failed to uncover any facts that would

9   lend more credibility to his claims.

10        The Court should dismiss Plaintiff's inducement claim with prejudice.

11        **C.**    **Plaintiff's Claim for Vicarious Infringement Fails Because He**
              **Alleges No Facts Showing How Amazon Received a Direct**
12            **Financial Benefit from Infringement After It Removed the Buy**
              **Link**
13

14        The concept of vicarious copyright liability is "an outgrowth of the agency

15   principles of *respondeat superior*."  *Napster*, 239 F.3d at 1022.  To state a claim for

16   vicarious infringement, a plaintiff must allege that Amazon (1) has the right and

17   *practical ability* to control the infringing conduct and failed to do so, and (2)

18   directly profits from third-party copyright infringement.  *Grokster*, 545 U.S. at 930.

19   Where a web host cannot practicably determine what on their systems is infringing,

20   the practical ability element is lacking.  *See Perfect 10*, 508 F.3d at 1173.

21        **Practical Ability to Control.**  Plaintiff's vicarious infringement theory relies

22   on a bare recitation of the "practical ability to control" element:

23                "Plaintiff is informed and believes Defendants have and

24                have had the right and ability to control the infringing

25                conduct alleged above."  Compl. ¶ 21.

26   Such "threadbare recitals of a cause of action's elements" cannot support a claim

27   for relief.  *Iqbal*, 556 U.S. at 663.  Dismissal is proper on this basis alone.

28        However, even a searching review of the complaint viewed in the light most

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT          - 14 -
CASE NO. 2:14-CV-02115-ABC-E                                30240\4343809.4

favorable to Plaintiff shows an utter failure to plead facts that would support a vicarious liability theory of relief.  Plaintiff does not plead facts suggesting that Amazon's relationship with the independent merchants using its platform is on par with that of a principal and agent, or an employer and employee.  The merchants are fundamentally "free agents" who post what they want (subject to Amazon's policies such as those ensuring the authenticity of goods), when they want, for how much they want.  They are thus not under Amazon's "control" any more than Verizon "controls" what people say over their phone lines, or FedEx "controls" the contents of the packages that people ship to each other, subject to packaging restrictions.

In *Perfect 10*, in concluding that Google was not liable for vicarious infringement for its image search feature, the Ninth Circuit found that Google's supervisory power [was] limited because it could not "analyze every image on the [I]nternet, compare each image to all the other copyrighted images that exist in the world … and determine whether a certain image on the web infringes someone's copyright." *Id.* at 1174.  Similarly here, Amazon, has no way to know beforehand whether something is infringing and it, like Google, must rely on takedown notices.

In *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068 (9th Cir. 2013), the Ninth Circuit recently affirmed dismissal of a plaintiff's vicarious liability count under Rule 12(b)(6) because the complaint failed to allege control.  Specifically, Plaintiff "failed to allege facts that plausibly show that the Carriers could implement an effective system" to monitor alleged copyright infringement and did not explain "what that system is, how it would function, or how much implementing such a system would cost." *Id.* at 1072.  Much like in *Luvdarts*, Mr. Rosen has not presented any facts to support the claim that Amazon had the practical ability to identify infringement.  Thus, the same rationale applies here, and dismissal is proper.

**Direct financial benefit.**  Mr. Rosen similarly fails to sufficiently plead the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E

- 15 -

30240\4343809.4

1   "direct financial benefit" element of vicarious liability.  Once Amazon received Mr.

2   Rosen's notice, the ability to buy the Anna Kournikova print at issue was

3   undisputedly disabled.  Compl. ¶ 16.  This immediately severed any link between

4   the JPEG that Mr. Rosen complains remained "active" on Amazon's internal

5   servers and any financial benefit to Amazon.  Where any causal link between

6   infringement and financial benefit to a service provider is lacking, dismissal is

7   appropriate.  Thus, in *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004),

8   the Ninth Circuit affirmed a district court's ruling that "no jury could reasonably

9   conclude that AOL received a direct financial benefit from providing access to the

10   infringing material" where "the record lack[ed] evidence that AOL attracted or

11   retained subscriptions *because* of the infringement" (emphasis added).  Similarly,

12   Amazon makes money by facilitating the sale of products.  Here, once the Anna

13   Kournikova print was no longer available for sale, Amazon could not have derived

14   any financial benefit from the work (even if it remained up on Amazon's internal

15   servers).

16        The causal nexus requirement for vicarious liability can be satisfied where

17   the infringement at issue is the "draw."  *Napster*, 239 F.3d at 1023.  In *Napster*, "a

18   *majority* of Napster users use[d] the service to download and upload copyrighted

19   music . . . ."  *Id.* at 1014 (emphasis added).  Plaintiff has not and cannot plausibly

20   allege that users come to Amazon to view and download infringing JPEGs of

21   products.  Consumers obviously go to Amazon's website to purchase the *products*

22   themselves.  Storage of JPEGs on internal servers is incidental and peripheral to

23   Amazon's business model of selling products or enabling third-party vendors to sell

24   products.  Thus, there is no direct financial benefit from the infringement Plaintiff

25   alleges.

26        As with his theory of active inducement, Plaintiff has had the benefit of over

27   one year of discovery in *Rosen I* to try to buttress his allegations of vicarious

28   liability.  But he has failed to bring to light any plausible factual allegations to raise

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                                          - 16 -

30240\4343809.4

1   his claims beyond the speculative level.  The Court should dismiss Mr. Rosen's

2   claim of vicarious liability with prejudice.

3   **VI.    <u>CONCLUSION</u>**

4       Plaintiff's complaint fails to allege facts raising his right of relief above the

5   speculative level under any theory of copyright infringement.  The Court should

6   therefore dismiss Plaintiff's claims.

7

8   Dated:  April 28, 2014                    FARELLA BRAUN + MARTEL LLP

9

10                                            By:   */s/ Deepak Gupta*

11                                                  Deepak Gupta

12                                            Attorneys for Defendant
                                             AMAZON.COM, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MOTION TO DISMISS COMPLAINT
CASE NO. 2:14-CV-02115-ABC-E                    - 17 -

30240\4343809.4