1 | ADAM I. GAFNI (CA Bar # 230045)
ROSY S. MEYEROWITZ (CA Bar # 265707)
2 | WOOLF GAFNI & FOLWER LLP
10850 Wilshire Blvd, Suite 510
3 | Los Angeles, California 90024
Tel: 310-474-8776
4 | Fax: 310-919-3037
Email: adam.gafni@wgfllp.com

6 | Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>       Plaintiff,<br><br>       vs.<br><br>AMAZON.COM, INC., and DOES 1 TO 10,<br><br>       Defendants. | ) Case: 14-cv-02115-ABC-E<br>) Related and Consolidated for Trial<br>) With Case: 12-cv-10413-ABC-E<br>)<br>)<br>) [Assigned to the Hon. Audrey B.<br>) Collins]<br>)<br>) **BARRY ROSEN'S**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITY IN OPPOSITION TO**<br>) **DEFENDANT AMAZON.COM**<br>) **INC'S MOTION TO DISMISS**<br>) **COMPLAINT UNDER RULE**<br>) **12(b)(6)**<br>)<br>) **[Concurrently filed with Request for**<br>) **Judicial Notice]**<br>)<br>) Action Filed: March 20, 2014<br>)<br>) Hearing Date: June 2, 2014<br>) Hearing Time: 10:00 a.m.<br>) Department:  Courtroom 680 |

TO THE COURT, COUNSEL, AND ALL PARTIES OF RECORD:

Plaintiff Barry Rosen ("Rosen" or "Plaintiff") hereby respectfully submits the

following Memorandum of Points and Authorities in Opposition to Defendant

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

TABLE OF CONTENTS

Page

I.      INTRODUCTION……………………………………….. …….2

II.     SUMMARY OF RELEVANT  ALLEGATIONS IN
        COMPLAINT ……………………………………...………………5

        A. Summary of Allegations In Support of Contributory Copyright
           Infringement ……………………….……………………….....5

        B. Summary of Allegations in Support of Vicarious Copyright
           Infringement ……………………………………….…………....6

        C. Plaintiff's Allegations Negating the Existence of Any Protection
           Under the Digital Millennium Copyright Act (DMCA") …. ……...7

III.    LEGAL ARGUMENT ………………………………………8

        A. The Legal Standard on a Motion to Dismiss ………………………8

        B. Amazon's Liability Must Be Analyzed from the Perspective That
           It Does Not Qualify for Immunity Under The Digital Millennium
           Copyright Act Such that a DMCA Notice is Not Even Required…..9

        C. Plaintiff Sufficiently Pled Direct Infringement by Third Party
           Seller "History of the Game" and Others Before and After DMCA
           Notice …………………………………………………………..10

        D. Plaintiff Sufficiently Pled Contributory Copyright Infringement
           Against Amazon………………………………………………..14

        1. Rosen Pled Sufficient Facts Establishing That Amazon Knew or
           Should Have Known That it was Infringing Plaintiff's
           Copyright. ……………………………………………………14

        2. Rosen Properly Pled That Amazon Induced, Caused, Or Materially
           Contributed To The Direct Infringement………………….…….15

        E.  Plaintiff Sufficiently Pled Vicarious Copyright Infringement…...17

i

1. Plaintiff Sufficiently Pled That Amazon Has The Right And Ability To Control Or Supervise The Infringing Conduct. ..................17

2. Plaintiff Pled Facts Sufficient To Establish That Amazon Has A Direct Financial Interest In, And Derived A Financial Benefit From The Infringing Conduct.........................................18

**IV.    CONCLUSION**...............................................................20

ii

# **TABLE OF AUTHORITIES**

Federal Cases                                                                 Page(s)

*A&M Records, Inc. v. Napster, Inc*

239 F.3d 1004, 1014 (9th Cir. 2001) ……………………………………..11

*Am. Family Ass'n Inc. v. City and County of San Francisco*

277 F.3d 1114, 1120 (9th Cir. 2002) ................................ ………………...8

*Arista Records LLC v. Usenet.com, Inc.*

633 F.Supp.2d 124, 157 (S.D.N.Y.2009) ………………………………….18

*Balistreri v. Pacifica Police Dep't*

901 F.2d 696, 699 (9th Cir.1988) ………………………………………….8

*Columbia Pictures Industries, Inc. v. Fung*

710 F.3d 1020, 1034 (9th Cir. 2013) …………………………………..10, 14

*Corbis Corp. v. Amazon.com, Inc.*

351 F.Supp.2d 1090, 1107 (W.D. Wash. 2004) … ……………………....…15

*Ellison v. Robertson*

357 F.3d 1072 (2004) …………………………………….....…17, 18

*Funky Films, Inc. v. Time Warner Entm't Co.*

462 F.3d 1072, 1076 (9th Cir. 2006) …………………………………….10

*Gilligan v. Jamco Dev. Corp.*

108 F.3d 246, 249 (9th Cir.1997) ……………………………...……8

*Hotaling v. Church of Jesus Christ of Latter-Day Saints*

118 F. 3d 199 (4th Cir. 1997) …………………………………………….3

*Interscope Records v. Duty*

No. 05-CV-3744, 2006 WL 988086 (D. Ariz. Apr. 14, 2006) ..……………………4

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*

658 F.3d 936, 943 (9th Cir. 2011)………..………………………………15

iii

1  *Motown Record Co., LP v. DePietro*

2  3 No. W-06-CA-051, 2006 WL 2844415 (W.D. Tex. July 17, 2006) ................4

3  *Perfect 10 v. Amazon.com*

4  508 F.3d 1146, 1162 (9th Cir. 2007) ...................................................12

5  *Recordings, Inc. v. Sinnott*

6  300 F. Supp. 2d 993, 1001-03 (E.D. Cal. 2004).....................................17

7  *RDF Medial Ltd. v. Fox Broad. Co.*

8  372 F. Supp.2d 556, 560 (C.D. Cal. 2005) ...........................................8

9  *UMG Recordings, Inc. v. Sinnott*

10  300 F. Supp. 2d 993, 1001-03 (E.D. Cal. 2004) .............................17, 19

11  Universal City Studios, Prods., LLP v. Bigwood

12  441 F. Supp. 2d 185 (D.Me. 2006) ....................................................4

13  *U.S. v. Ritchie*

14  342 F.3d 903, 908 (9th Cir.2003)......................................................8

15

16  Federal Statutes

17  17 U.S.C section 106 ...................................................................3

18  17 U.S.C § 512(k) ......................................................................9

19  17 U.S.C § 512 ..........................................................................9

20  17 U.S.C § 512(i).......................................................................9

21  U.S.C. § 512(c)(2).......................................................................9

22  U.S.C. § 106(1), (3), (5)...............................................................10

23  17 U.S.C. section 1202 ...............................................................16

24

25

26

27

28

iv

Amazon.com's ("Amazon" or Defendant") Motion to Dismiss Complaint Under Rule 12(b)(6).

## I.   INTRODUCTION

Amazon has shown a pervasive policy of knowingly refusing to remove or disable access to images identified by aggrieved copyright holders in proper digital millennium copyright act ("DMCA") notices.  Amazon has gone from declining to remove JPEG images that it claims are only available on its "internal server[1]" to now refusing to remove the product page all together.[2]

In this case, Amazon left Plaintiff no choice but to file the instant lawsuit, because it refused to cease the display and continued distribution of his photograph of tennis professional and model Anna Kournikova, which an Amazon "seller" known as the "History Of The Game" had unlawfully reproduced, published, publicly displayed, and offered for sale (and/or sold) on Defendant's websites: amazon.com and images-amazon.com.  Amazon acknowledged receipt of Plaintiff's DMCA notice, but failed to take **any action** because it asserted "the listing [Plaintiff] identified appear[ed] to have been removed from Amazon.com," since the seller had listed the item as "currently unavailable" sometime after Amazon received the DMCA Notice.

Because Amazon felt the listing of the product as "currently unavailable" sufficed, Amazon did not deem it necessary to actually remove the product listing and related images (aka the reported URLs/Links).  It is still unknown how and

---

[1] At issue in the related matter, *Rosen v. Amazon*, Case No. 12-cv-10413-ABC-E is Amazon's failure to remove/disable the .JPG links.

[2] At issue here, is Amazon's failure to remove any of the infringing images.  Amazon improperly requests that this Court consider prior lawsuits filed by Plaintiff, which are wholly irrelevant. Amazon is clearly intending to misdirect the Court from the issues by pointing to other litigation initiated by Plaintiff or engage in protracted motion practice, such as this motion to dismiss in hopes that it can sway this Court to dismiss this action base on an improper subjective basis. Both of these tactics should warrant admonishment from the Court.  It should also be noted that by Defendant's own logic, the vast majority of Mr. Rosen's cases have not been disposed of on motions to dismiss or summary judgment.

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

why the item became "unavailable" as it is clear that *Amazon* did not take any action. In fact, it is plausible, if not more than reasonable, that the item, which was listed as "Only 1 left in stock" at the time of the DMCA Notice was actually sold between the time the notice was sent and when Amazon reviewed it.

The result of not fully disabling all the reported URLs/Links including the product page and related image(s) is that, despite proper DMCA notice, the infringing image that was originally uploaded unlawfully by an Amazon seller (i.e. a direct infringer) ***continued*** to infringe from the Amazon servers and websites by, *inter alia*:

- Being displayed and made available for display at the same URLs;
- Being downloaded/distributed and available for download/distribution when viewed by anyone at the same URLs;
- Being displayed and distributed to the seller, and others such as those who had previously viewed the item in their Amazon browsing history, or purchased the item in their history of purchases;
- Being displayed and distributed when shared and available for sharing through email, Facebook, Twitter and Pinterest as the "share buttons on the image remain active" on the continuing active URLs.

These are straight-forward and well-accepted concepts of copyright infringement that infringe upon a copyright holders exclusive rights enumerated in 17 U.S.C section 106. Moreover, that the image was "available" on Amazon's servers and websites for distribution does constitute continuing copyright infringement itself under an ever-growing body of case law and the U.S. Copyright Office's own interpretation of section 106[3].

---

[3] *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F. 3d 199 (4th Cir. 1997); *A& M Records, Inc. v. Napster, Inc.*, 239 F.3d 1009, 1014 (9th Cir. 2001)(violation of distribution right occurs when users upload file titles by making work available). Other have held making a file available violates the distribution right; *Perfect 10 v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (distinguishing *Hotaling* solely on the basis that Google did not store the images on its server).

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

1    Against this backdrop, Plaintiff pled a clear, concise Complaint, even

2    including actual print outs of the infringing images downloaded and viewed at the

3    infringing URLs both before and long after Plaintiff sent his DMCA-compliant

4    notice to Amazon.  And, although not required, Plaintiff went so far as to plead

5    why, in-part, Amazon does not qualify for protection under the Digital Millennium

6    Copyright Act.[4]

7        Amazon's motion should be denied because Plaintiff sufficiently pled that

8    (1) History of the Game (and others) uploaded, displayed, and published the

9    Photograph on amazon.com and images-amazon.com, which in and of itself

10   constitutes direct copyright infringement continuing until long after the relevant

11   DMCA Notice (2) Amazon received actual notice of the infringement, and

12   induced, assisted, and/or materially contributed to the continuing direct

13   infringement by failing to take any action to remove the infringing Photograph

14   despite having the ability to do so and even encourages users to infringe by

15   requiring users to upload, publish, and display relatively largely Photographs to

16   advertise their products, constituted contributory and inducement of copyrights[5],

17

18   *See*, 79 Federal Register No. 37 [Docket No. 2014-2], February 25, 2014 (Request for Judicial
     Notice, No. 1)(" Based on advice received from the Copyright Office, among many other
19   experts, Congress did not amend U.S. law to include explicit references to 'making available'
     and 'communication to the public,' concluding that Title 17 already provided those rights.");
20   *Universal City Studios, Prods., LLP v. Bigwood*, 441 F. Supp. 2d 185 (D.Me. 2006)(citing
     *Hotaling* that making a file available to the  public over internet was sufficient to establish
21   copyright infringement); *Interscope Records v. Duty*, No. 05-CV-3744, 2006 WL 988086, at *2
     (D. Ariz. Apr. 14, 2006)("mere presence of copyrighted [works] in [defendant's] share file may
22   constitute copyright infringement." *Motown Record Co., LP v. DePietro*, 3 No. W-06-CA-051,
     2006 WL 2844415, at *4 (W.D. Tex. July 17, 2006)("[a] plaintiff claiming infringement of the
23   exclusive-distribution right can establish infringement by proof of actual distribution or by proof
     of offers to distribute, that is, proof that the defendant 'made available' the copyrighted work.")
24   [4] Notably, in its Motion, Amazon without explanation implicitly and improperly asks this Court
     to analyze liability solely from the point in time after the DMCA Notice, when the Complaint, as
25   pled, completely negates the existence of any DMCA protection.  As such, Amazon's liability
     must be analyzed from the outset as if it has no DMCA protection in the first place.
26   [5] Plaintiff has pled inducement due to the fact that Amazon has required its users to post images
27   in relation to every posting for sale even though such a requirement is a clear violation of
     Opposition to Motion to Dismiss Complaint                          14-cv-02115-ABC-E
28
                                              4

and (3) Amazon received a direct financial benefit from the infringement by, *inter alia,* charging upfront licensing fees to users, additional fees upon sale of items, and using the infringing photograph to draw in customers.[6]

## II.   SUMMARY OF RELEVANT ALLEGATIONS IN COMPLAINT

### A. Summary of Allegations  In Support of Contributory Copyright Infringement

Plaintiff Barry Rosen ("Plaintiff" or "Rosen") works as a photographer, and created the registered copyrighted photograph (the "Photograph") identified in the Complaint to which he owns the exclusive right to reproduce, distribute, and publicly display. Complaint ("Compl.") ¶¶ 7-8.  Plaintiff has never authorized the print at issue nor granted rights for a copy to be made and posted on Amazon. Compl. ¶¶ 13-14, Exh. 6 and 7.

On or about December 11, 2013, Rosen discovered that a seller by the name of "The History Of the Game," had copied, uploaded, posted, published, distributed, offered for sale *and/or sold* an unauthorized copy of the Photograph on the World Wide Web on the website amazon.com and images-amazon.com – "an

Plaintiffs rights under 17 USC 109(c). Even if an item is subject to "first sale doctrine" (which this item was not), the user still does not have the right to make a copy and post it on Amazon unless express written permission was given and Amazon's blanket policy of requiring that images be posted clearly induces its users into making illegal copies in order to be able to sell items on Amazon.

[6] Although Plaintiff clearly showed actual documents in the Complaint that History of the Game's direct infringement continued to occur after the DMCA-Notice (and from which it could reasonably be inferred much more infringement occurred even post-DMCA Notice), Amazon faults Plaintiff for seemingly not identifying who other than History of the Game, or Plaintiff downloaded images or viewed the images, or on what occasions it occurred relative to the DMCA Notice. Unfortunately, until discovery commences, in almost all instances, a plaintiff will not know the identity of every person that downloaded or unlawfully viewed an infringing image from Amazon, or how many times or when it occurred.  In fact, it is Amazon that is fully in the unique position of knowing these exact details.  Moreover, Amazon faults Plaintiff for not notifying it a second time that it continued to infringe his rights, despite the fact that no additional notice requirement exists.

Opposition to Motion to Dismiss Complaint                          14-cv-02115-ABC-E

ecommerce 'marketplace' website," owned by Amazon.com ("Amazon" or "Defendant").  Compl. ¶¶ 9-12 and Exhibits ("Exhs.") 1- 5.

On or about December 11, 2013, upon learning of the infringements, Rosen notified Amazon of the infringements posted and publicly available on its website amazon.com and images-amazon.com.  Compl. ¶¶ 13, 14 Exhs. 6 and 7.  Amazon acknowledged receipt of Plaintiff's notice, but completely failed to remove or disable access to the Photograph on any of the URL/links identified by Plaintiff, including the actual product page, leaving the reported infringement "active and available to the entire world on amazon.com and images.com." Compl. ¶¶ 15-17, Exhs. 8-12.

Amazon also induced the infringing activity by "History of the Game" by requiring sellers to make unauthorized copies and post images in sales listing (on its public internet servers) and further requiring the images displayed be relatively large sizes.  Compl. ¶ 20, Exh. 13 and 14.  Amazon requires images posted be at least 500 px (and 1,000 px desired). Compl. Exh. 14 at 1-2. Moreover, Amazon does not allow users to post images with "watermarks," meaning users are encouraged to remove copyright management information.  Compl. Exh. 14 at 1-2.

## B. Summary of Allegations in Support of Vicarious Copyright Infringement

Amazon had the right and ability to control the infringing activity on its website and could have taken simple measures to prevent or stop the infringing activity, including but not limited to removing the links/URL's identified by Plaintiff, but chose not to so, even after receiving notice of the specific infringement occurring on its website. Compl.¶¶ 19-20; Exh. 17;  Dkt. No. 21 (Defendant's Motion to Dismiss) at 11: 11-13 (admitting that Amazon finally removed the URLs after reading Mr. Rosen's supplemental declaration in support of summary judgment in the related case "Rosen I".)

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

Rosen discovered that History of the Game was selling the (unauthorized) Photograph on Amazon and made unauthorized copies and posted them for sale on Amazon. Complaint, ¶11. Defendants have derived or have continuously attempted to derive a direct financial benefit from the infringing use of the Photograph. Complaint, ¶21.  Amazon receives a direct financial benefit from the infringing activity by charging upfront fees to post the items.  Compl. 22, Exhs. 15 and 16. Amazon further intends to derive direct financial benefit by charging fees based on the final sale price. *Id.*

Moreover, Amazon uses the infringing Photograph as a draw to potential customers as "posting of images alongside products is a **necessary part** of running an online shopping site.  **People will not buy a product, unless they can see them.**  It applies equally to magazines, books, electronics, sports **prints of the type at issue here**, and all of the others categories of products that Amazon's third-party merchants sell." Dkt. No. 21 at 18: 26-27.  As such, it is through the use of the Photograph that Amazon is able to promote, market, and sell products.

### C. Plaintiff's Allegations Negating the Existence of Any Protection Under the Digital Millennium Copyright Act ("DMCA")

Amazon has consistently failed to properly designate an agent to receive notifications of claimed infringement and also failed to provide substantially the same information to the copyright office.  Compl. ¶ 24, Exhs. 17 and 18. Despite receiving repeated notices that its DMCA designation on file with the Copyright office is fully out of date and non-compliant, Amazon has fully failed to update the designation.  *Id.*  Amazon knew or should have known that it had not properly adopted policies or otherwise acted on such policies to deal with the removal of infringing activities, and have acted recklessly in failing to change or otherwise fix those policies. Compl. ¶ 26.

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

1   Amazon's repeat infringer policies are inadequate because it has failed to adopt
2   or reasonably implement a policty that provides for termination in appropriate
3   circumstances of repeat infringers.   Compl. ¶ 27-28.

4       Lastly, Amazon does not qualify for protection and/or immunity under the
5   digital millennium copyright act ("DMCA") for its acts of contributory and
6   vicarious copyright infringement because it has derived, or has continuously
7   attempted to derive, or otherwise intended to derive, a direct financial benefit from
8   the infringing use of the Photograph. Compl. ¶ 23.

9   **III.   LEGAL ARGUMENT**

10          **A. The Legal Standard on a Motion to Dismiss**

11      A motion to dismiss for failure to state a claim is generally viewed with
12   disfavor and is rarely granted. *RDF Medial Ltd. v. Fox Broad. Co.* 372 F. Supp.2d
13   556, 560 (C.D. Cal. 2005); *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th
14   Cir.1997).  A Rule 12(b)(6) dismissal is proper only where there is either a "lack of
15   a cognizable legal theory" or "the absence of sufficient facts alleged under a
16   cognizable legal theory." *RDF Medial Ltd.,* 372 F. Supp.2d at 560; *Balistreri v.*
17   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).  In reviewing a motion to
18   dismiss under Rule 12(b)(6), a court may consider the complaint, documents
19   incorporated by reference in the complaint, and matters of judicial notice. *U.S. v.*
20   *Ritchie* 342 F.3d 903, 908 (9th Cir.2003).

21      A complaint should not be dismissed under Rule 12(b)(6) "unless it appears
22   beyond doubt that the plaintiff can prove no set of facts in support of his claim
23   which would entitle him to relief." *Id.*  The court must view all allegations in the
24   complaint in the light most favorable to the non-movant and must accept all
25   material allegations—as well as any reasonable inferences to be drawn from
26   them—as true. *See RDF Media Ltd.* 372 F.Supp.2d at 560*; Am. Family Ass'n Inc.*
27   *v. City and County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).

28   Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

**B. Amazon's Liability Must Be Analyzed from the Perspective That it Does Not Qualify For Immunity Under The Digital Millennium Copyright Act Such that a DMCA Notice is Not Even Required.**

Although not required in the Complaint, Plaintiff even went as far as pleading why, in part, Amazon cannot raise the Digital Millennium Copyright Act ("DMCA") as an affirmative defense.

Under the DMCA, section 512(k), "a service provider" is defined as "an entity offering the transmission, routing, or providing of connections of digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or receiving....a provider of online services or network access, or other operator of facilities." 17 U.S.C § 512(k). "Service providers," must meet minimum requirements before they can qualify for protection under 17 U.S.C § 512.   The service provider must (1) adopt, reasonably implement, and inform subscribers and account holders of the service providers system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers; and (2) accommodate and not interfere with standard technical measures. 17 U.S.C § 512(i).  In addition, to the extent Amazon claims safe harbor under section 512 (c) or (d) it must designate an agent with the copyright office to receive notifications of claimed infringements and make the agent available through its service, including on its website in a location accessible to the public the agent's "name, address, phone number, and electronic mail address." 17 U.S.C. § 512(c)(2).

Plaintiff's allegations in the Complaint completely negate the existence of safe harbor for Amazon such that a DMCA Notice is not even required. For example, despite receiving repeated notices that its DMCA designation on file with

Opposition to Motion to Dismiss Complaint                                    14-cv-02115-ABC-E

the Copyright office is fully out of date and non-compliant, Amazon has failed to update the designation.  Compl. ¶ 24, Exhs. 17 and 18.  (*See i.e. Ellison v. Robertson*, 357 F.3d 1072, 1080 (9th Cir. 2004) finding  AOL improperly "allowed notices of potential copyright infringement to fall into a vacuum and to go unheeded"  by failing to update its email address for DMCA notification and failing to provide mail forwarding to the new email account.)

### C. Plaintiff Sufficiently Pled Direct Infringement by Third Party Seller "History of the Game" and Others Before and After DMCA Notice.

The Copyright Act bestows on the owner of a copyright certain exclusive rights, including the rights to reproduction, distribution, and public display. 17 U.S.C. § 106(1), (3), (5). To prevail on a claim of direct copyright infringement, a plaintiff must establish the "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006)(citations omitted). Plaintiff has properly pled that the third party seller "History Of The Game" directly infringed his copyrights.[7]

First, Plaintiff is the owner of valid copyrights for the Photograph. "Compl." ¶¶ 7-8.  Second, it is clear that "copying" or other violations of Plaintiff's exclusive copyrights in the Photograph occurred.  In this case, the Photograph was "copied" when uploaded, viewed and displayed through the Amazon website. *See Funky Films*, 462 F.3d at 1076 (requiring proof of access and substantial similarity only "[a]bsent evidence of direct copying"). *See also Columbia Pictures Industries, Inc. v. Fung* 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and

---

[7] Plaintiff does not intend to assert claims for direct copyright infringement against Amazon.com except in that Amazon very likely and quite plausibly viewed the Photograph post-DMCA Notice.  Plaintiff's allegations against Amazon.com are otherwise based on secondary liability.

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

1  downloading copyrighted material are infringing acts. The former violates the
2  copyright holder's right to distribution, the latter the right to reproduction.")

3    Plaintiff pled that History of the Game engaged in such direct infringement
4  as well as those that viewed or downloaded the Photograph. Complaint, ¶¶ 10-12,
5  Exhs. 1-7.History of the Game's direct infringement continued post-DMCA
6  Notice. Complaint, ¶ 17, Exhs. 8-12.

7    The upload by the third-party sellers (i.e. "History Of The Game") to
8  Amazon, necessarily requires a copying or reproduction by this seller prior to
9  upload.  Moreover, Amazon itself copies the image to store on its servers (i.e. the
10 JPEG image).  The copying and uploading by History Of the Game and Amazon
11 both constitute a violation of Rosen's exclusive copyrights in the Photograph
12 violating the right to copy, distribute and display.  *A&M Records, Inc. v. Napster,*
13 *Inc.* 239 F.3d 1004, 1014 (9th Cir. 2001).  In addition, each time the Photograph
14 was displayed to the public via the World Wide Web on Defendant's website
15 constituted a violation of Rosen's exclusive copyrights. *Id.*  Therefore, the
16 unauthorized public display, copy, and offer for sale (and plausible sale), of the
17 Photograph constituted direct infringement. Compl. ¶ 10-12 and Exh. 1-5.[8]

18    Further, contrary to Defendant's assertions, making the Photograph available
19 to a global audience via the World Wide Web does violate Plaintiff's right of
20 reproduction, display, and distribution.  *A&M Records, Inc. v. Napster, Inc.* 239

---

[8] It is also completely disingenuous for Amazon to assert that Plaintiff must, at this pleading
stage, assert more specifically which member of the public actually viewed the Photograph,
when it was so clearly continuing to be displayed from Amazon's server. Moreover, this is
precisely the sort of information that would be within Amazon's control and a subject for
discovery.  In fact, Amazon actually tracks and reports to its sellers the number of "page views"
it has had per item it has listed with Amazon.com, which Rosen requested in "Rosen I"
Amazon willfully withheld. If need be, Plaintiff can plead in abundant good faith that the seller,
such as History of the Game would have and did view the image post-DMCA Notice through his
seller history page, that Amazon and its lawyers saw it, and that others, such as customers that
had bought or viewed the item would have it displayed when browsing the Amazon site as a
previously viewed or purchased item.

Opposition to Motion to Dismiss Complaint                           14-cv-02115-ABC-E

F.3d 1004, 1014 (9th Cir. 2001). The Ninth Circuit in *Napster, Inc., supra*, 239 F.3d at 1014, specifically held that "plaintiffs have shown that Napster users infringe at least two of the copyright holders' exclusive rights: the rights of reproduction, § 106(1); and distribution, § 106(3). Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights." *Id.* Thus, by uploading the music files the Napster users were making the files available for download in violation of the 106(3) distribution right. *Id.; Comments on The Right of Making Available, Submitted by The Software & Information Industry Association to the United States Copyright Office* at 14-15 (2014), http://www.copyright.gov/docs/making_available/comments/docket2014_2/SIIA.pdf. Request for Judicial Notice, No. 2.

Making images available for display on a website does violate a copyright holder's exclusive display rights. Defendant misrepresents the Ninth Circuit's findings in *Perfect 10 v. Amazon.com*, 508 F.3d 1146, 1162 (9th Cir. 2007). In fact, the Court found that Google's communication of stored thumbnails images constituted public display. *Id.* at1159-60, 1163 ("Because Perfect 10 has succeeded in showing it would prevail in its prima facie case that Google's thumbnail images infringe Perfect 10's display rights, the burden shifts to Google to show that it will likely succeed in establishing an affirmative defense."). As such, the Court acknowledged that the distribution right would include making links of the copyrighted work available via the World Wide Web, but because Google did not possess copies of the images on its servers it did not violate the distribution right. *Id.* at 1162; *Comments on The Right of Making Available, supra,* at 14-15 (2014). Unlike Google in *Perfect 10,* Amazon in this case does not merely index images and direct users to other websites for viewing. Amazon users

Opposition to Motion to Dismiss Complaint                          14-cv-02115-ABC-E

1   actually copy and upload images directly onto Amazon's own website and servers

2   from which the infringing images may be downloaded.  This is direct and

3   continuing infringement by the uploader and could form the basis for contributory

4   or vicarious copyright infringement.

5   Defendant also claims that there was no direct infringement because the

6   Photograph was no longer offered for sale after Plaintiff notified Amazon of the

7   Photograph.  Defendant completely ignores the fact that they **did not remove** what

8   they like to refer to as the "buy link," to Plaintiff's Photograph.  In fact, Defendant

9   took no action whatsoever to Plaintiff's notice aside from acknowledging receipt;

10  the "product detail page" remained fully active (See Exh. 11), in addition to the

11  JPEG URL/Link (Exh. 12).  The only aspect that changed was that the "buy link"

12  now stated that the Photograph was "Currently unavailable," but Defendants have

13  failed to explain the full circumstances related to how, when, why and who

14  disabled the "buy link" thus raising the question of whether the item was sold

15  and/or the inference that History of the Game viewed the image post-notice

16  engaging in a further infringement. Indeed, a side-by-side comparison of Exhs. 4

17  and 11 shows the same link and listing, but in Exh. 4 the Photograph is "in stock"

18  and in Exh. 11 it is not.  Under the United States Copyright Act there is no

19  requirement that an item be offered for sale or sold in order to constitute copyright

20  infringement and indeed Plaintiff's display and distribution rights continued to be

21  violated at the same URLs by History of the Game with the assistance of Amazon.

22  Lastly, Defendant wrongly asserts that Plaintiff fails to state a claim because

23  "he failed to allege that Amazon or its users engaged in any volitional conduct with

24  respect to the image file at issue after the buy link was removed."  Dkt. 21: 14: 12-

25  16.  The law of copyright does not require a separate and volitional action post-

26  DMCA notice (and notably, Defendant cannot site a single case for this

27  proposition).  The volitional action occurs when the third party direct infringer

28  Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

copies, uploads or downloads, publicly displays and/or distributes the Photograph and the direct infringement continues thereafter.  Thereafter, Amazon is liable on a contributory liability theory as will be discussed in detail below. Moreover, even if a separate volition action were necessary post-DMCA, Plaintiff can plead and it can reasonably be inferred via an email from Amazon that others such as History o of the Game or Amazon's DMCA agent had viewed the reported URLs/Links (and thereby downloaded the image) and thereby expressly infringed Plaintiffs rights. Plaintiff can explicitly plead such infringement if further explanation is warranted, including other infringement by History of the Game when it viewed[9] its own product listing page via either directly viewing the product detail page (and related image) or by viewing its product summary page via its seller account page.

As such, Plaintiff has sufficiently pled a direct copyright infringement claim by "History of the Game" and others.

### D. Plaintiff Sufficiently Pled Contributory Copyright Infringement Against Amazon.

A defendant who has not directly infringed on a copyright may still be liable for contributory infringement if the defendant (1) has knowledge of another's infringing conduct and (2) induces, causes, or materially contributes to that conduct. *Amazon.com, Inc.,* 508 F.3d at 1171.

### 1. Rosen Pled Sufficient Facts Establishing That Amazon Knew or Should Have Known That It was Infringing Plaintiff's Copyrights.

It is indisputable that Amazon gained *actual* knowledge of the specific infringing activity of the posting, display and sale of the Photograph through

---

[9] Viewing the product detail page/image/summary page by History of the Game would require History of the Game to actually download a copy of the image to its computer (*See i.e. Columbia Pictures Industries, Inc. v. Fung,* 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and downloading copyrighted material are infringing acts.")

Opposition to Motion to Dismiss Complaint                                    14-cv-02115-ABC-E

Rosen's DMCA Notice.  Compl.¶ 13-16, Exh. 6-9. Such knowledge constitutes the most powerful evidence of actual knowledge. See, *Corbis Corp. v. Amazon.com, Inc.* 351 F.Supp.2d 1090, 1107 (W.D. Wash. 2004).

That Amazon is trying to claim ignorance because Rosen failed to provide Amazon a *second notice* is an unjust burden to place on a copyright holder, and inapposite to copyright law.  Rosen complied with the requirements under 17 U.S.C 512 when he sent Amazon a notice specifically identifying both urls/links where his Photograph was being unlawfully displayed and distributed on Amazon's website(s).  Compl. ¶ 14, Exhs. 6 and 7.  Amazon made the choice not to remove either link provided by Rosen to Amazon (including the actual product detail page) and now seeks to fault Rosen for Amazon's own failures.  Nowhere in the copyright act (or subsequent case law) is a copyright holder required to continue to send multiple notices until action is finally taken. In fact, DMCA is the most powerful evidence of actual knowledge of an infringement. See, *Corbis v. Amazon, Inc.,* 351 F. Supp. 2d 1090, 1107 (W.D. Wash. 2004). Thus, the knowledge requirement has been properly pled.

## 2.   Rosen Properly Pled That Amazon Induced, Caused, Or Materially Contributed To The Direct Infringement.

In the context of cyberspace, the Ninth Circuit has held that a computer system operator can be held to have induced, caused, or materially contributed to direct infringement "if it has actual knowledge that specific infringing material is available using its system and can take simple measures to prevent further damage to copyrighted work, yet continues to provide access to infringing works.'" *Perfect 10, Inc. v. Giganews, Inc.* (C.D. Cal., Mar. 8, 2013, CV11-07098 AHM SHX) 2013 WL 2109963 (citing Amazon.com Inc., 508 F.3d at 1158); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011)(publicly available server continuing to store infringing images as material contribution).

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

As explained above, it is not disputed that Amazon took no action (other than acknowledging receipt of the DMCA notice) because it deemed the fact that the Photograph being shown as "currently unavailable" to be purchased sufficed. As such, by virtue of Amazon's inactions, the Photograph continued to remain active and available to a global audience both as a product page and JPEG on the World Wide Web through Amazon's website. See Compl. ¶ 17, Exhs. 10 and 11.

There is no question that Amazon substantially assisted third party direct infringers (i.e. "History Of The Game") in continuing to distribute its infringing copies of Plaintiff's Photograph to a worldwide market and assisted a worldwide audience of users to access infringing materials via its website. *See i.e. Perfect 10, Inc. v. Amazon.com, Inc.,* supra, 508 F. 3d at 1172 ("there is no dispute that Google substantially assists websites to distribute their infringing copies to a worldwide market and assists a worldwide audience of users to access infringing materials.") Moreover, as explained above, simply making the images available on its own server violates the distribution and display right of Plaintiff Barry Rosen.

In addition, Amazon induced the infringing activities alleged herein by requiring its sellers to post images in sales listing (on its public internet servers) and further requiring the images displayed be relatively large sizes. Compl. ¶ 20, Exh. 13 and 14. Contrary to Amazon's position, the images are not "thumbnail" images like those displayed by Google in *Perfect 10, Inc. v. Amazon.com, Inc.,* supra, 508 F. 3d at 1172. To the contrary, the images posted on Amazon show that they are full-size with at least 600px (greater than 5 inches) and they encourage much larger images. Compl. ¶ 20, Exh. 14 at 1-2. Moreover, Amazon does not allow users to post images with "watermarks," meaning that Amazon encourages users to remove copyright management information prior to upload in violation of 17 U.S.C. section 1202. Compl. ¶ 20, Exh. 14 at 1-2.

Opposition to Motion to Dismiss Complaint                                    14-cv-02115-ABC-E

Lastly, Amazon could have taken simple measures to prevent the infringements by fully removing the links to the infringing Photograph or the Photograph itself (which it later did). Amazon had the ability by contract to terminate "History of the Game's" account and/or remove access to the Photograph. *See i.e.* Compl. ¶ 21 and Exh 17 at 2 ("Amazon reserves the right to refuse service, terminate accounts, remove or edit content, or cancel orders in its discretion.") In addition, that Amazon did, in fact, readily and finally terminate access to the Photograph on the product page and JPEG indicates that it readily could terminate access to the infringing material, but failed to do so. *See i.e.* Dkt. No. 12 at 16: 11-13.

As such, Plaintiff has pled sufficient facts to constitute contributory copyright infringement.

### E.  Plaintiff Sufficiently Pled Vicarious Copyright Infringement

Vicarious copyright infringement requires (1) a direct infringement; (2) the right and ability to control or supervise this infringing conduct; and (3) a direct financial interest in, and derived a financial benefit from, the infringing conduct. *Ellison v. Robertson*, 357 F.3d 1072 (2004). As explained, *above*, Plaintiff has alleged facts sufficient to establish direct infringement by "History of the Game" and others before and after DMCA Notice.

### 1.  Plaintiff Sufficiently Pled That Amazon Has The Right And Ability To Control Or Supervise The Infringing Conduct.

"Vicarious liability extends beyond an employer/employee relationship to cases in which a defendant 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.'" *UMG Recordings, Inc. v. Sinnott,* 300 F. Supp. 2d 993, 1001-03 (E.D. Cal. 2004) (quoting *Fonovisa*, 76 F.3d at 262). Right and ability to terminate service, i.e. the infringement is sufficient to constitute right and ability to supervise. *Id.* Moreover,

Opposition to Motion to Dismiss Complaint                                    14-cv-02115-ABC-E

"[t]he ability to block infringers' access to a particular environment for any reason whatsoever is evidence of the right and ability to supervise.'" *Arista Records LLC v. Usenet.com, Inc.*, 633 F.Supp.2d 124, 157 (S.D.N.Y.2009) (alteration in original) (quoting *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1023 (9th Cir.2001)).

Here, it is indisputable that Amazon had extensive rights and ability to control or supervise the direct infringers but failed to do so before and after DMCA notice.  Amazon had to actually approve the Photograph under its policies and extensive rights via contract to terminate the user accounts or remove the Photograph under its sole discretion.  Compl.¶ 18, Exh. 13-14.  Amazon's internal policies and controls dictated the resolution and where and how the Photograph was posted. *Id.*   Amazon had every practical ability to control the ongoing infringement, particularly after learning of its exact location on its servers through the DMCA notice.  This is further evident by the fact that Amazon admittedly did remove the infringing Photograph as identified in Plaintiff's DMCA notice after it read Plaintiff's supplemental declaration in support of Plaintiff's Motion for Summary Judgment in Rosen I.  Dkt.  No. 12 at 16: 11-13.

### 2.  Plaintiff Pled Facts Sufficient To Establish That Amazon Has A Direct Financial Interest In, And Derived A Financial Benefit From The Infringing Conduct.

To qualify for a direct financial benefit under the vicarious liability standard, the benefit need not be substantial and could even be solely a draw to the website. The essential aspect of the "direct financial benefit" inquiry is whether there is a causal relationship between the infringing activity and *any* financial benefit a defendant reaps, regardless of how substantial the benefit is in proportion to a defendant's overall profits. *Ellison v. Robertson, supra*, 357 F. 3d at 1076; *Napster*, 239 F.3d at 1023 (finding a financial benefit merely because "the

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

availability of infringing material 'acts as a draw for customers.'"); *See also Fonovisa* 76 F.3d at 263–64 (rejecting a requirement that the financial benefit be tied directly to sales of infringing music by way of commission or otherwise, and finding that a "draw" for customers suffices); *See also UMG Recordings, Inc. v. Sinnott*, 300 F. Supp. 2d 993, 1001-03 (E.D. Cal. 2004).

Here, Amazon's sole argument that it did not receive a financial benefit is a supposition that the Photograph was not actually sold *post-notice*. This is without evidence outside and contrary to the reasonable and plausible inferences in the Complaint. Plaintiff believes it is plausible that it was sold due to the item being unavailable when Amazon has not demonstrated that *it* had actually made the item unavailable for purchase. The item did say only "*in stock*," "1 *left* in stock" and then switched to "currently unavailable" making a more than reasonable inference that items were sold and Amazon obtained a financial benefit. Complaint, ¶¶ 11, 12, 17 and Exhs. 1, 5, 10.

Nevertheless, Plaintiff has properly and sufficiently pled that Amazon receives a direct financial benefit from the infringing activity by charging upfront fees to post the items. Compl. 22, Exhs. 15 and 16. Amazon further intends to derive direct financial benefit by charging fees based on the final sale price. *Id*.

With regard to "draw" constituting a sufficient financial benefit, Amazon admitted that "posting of images alongside products is a necessary part of running an online shopping site. **People will not buy a product, unless they can see them.** It applies equally to books, electronics, sports **prints of the type at issue here**, and all of the others categories of products that Amazon's third-party merchants sell." Dkt. 21: 18: 26-27. As such, Amazon has admitted that the Photograph is used to market and promote its products and draw in customers, who would not otherwise buy its products without such images. Amazon also derives a

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E

financial benefit from the draw created by the breadth and quantity of offerings (many of which are infringing) on its site.

As such, Plaintiff properly pled vicarious copyright infringement.

## VII.  **CONCLUSION**

For the foregoing reasons, Plaintiff Barry Rosen requests that the Court deny the Motion in its entirety. In the event the Court grant the motion, Plaintiff requests that it be with leave to amend to cure any defects because, as noted above, Plaintiff can readily cure any issues.

Respectfully Submitted,

DATED:  May 12, 2014                  WOOLF GAFNI & FOWLER LLP


                                      /s/_____
                                      Adam I. Gafni
                                      Attorneys for Plaintiff
                                      Barry Rosen

Opposition to Motion to Dismiss Complaint                    14-cv-02115-ABC-E