UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2115 ABC (Ex) | Date | May 28, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**        ORDER **DENYING** Defendant's Motion to Dismiss (In Chambers)

    Pending before the Court is Defendant Amazon.com's Motion to Dismiss Complaint Under Rule 12(b)(6), filed on April 28, 2014.  (Docket No. 21.)  Plaintiff Barry Rosen opposed on May 12 and Amazon replied on May 19.  (Docket No. 24, 26.)  The Court finds this matter appropriate for resolution without oral argument and **VACATES** the June 2, 2014 hearing date.  Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons below, the motion is **DENIED**.

    At the motion to dismiss stage, the Court is bound by the factual allegations of the complaint and construes them in the light most favorable to the nonmoving party.  Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).  A complaint survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009).  A claim must be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A motion under Rule 12(b)(6) is not the proper vehicle for seeking a ruling on the merits of claims.  Since Rule 12(b)(6) is concerned with a claim's sufficiency rather than its substantive merits, when faced with a motion to dismiss, courts typically consider only the pleadings, judicially noticeable documents, and documents attached to the complaint.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

    By the opposition, it is clear that Plaintiff's core allegations against Amazon are based on secondary liability.  See Opp. at 10, n.7 ("Plaintiff does not intend to assert claims for direct copyright infringement against Amazon.com except in that Amazon very likely and quite plausibly viewed the Photograph post-DMCA Notice.").  Specifically, Plaintiff's theory is that Amazon is liable for copyright infringement because it received DMCA notices regarding an allegedly infringing photograph of Anna Kournikova, and in response disabled access to—but did not completely erase—the file from its server.

    Plaintiff alleges that "[a]s of February 24, 2014, the infringement(s) remained active and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2115 ABC (Ex) | Date | May 28, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc., et al. | | |

available to the entire world on amazon.com and images-amazon.com via on and/or through the URL/links (identified to Amazon in the DMCA Notice)." Compl. ¶ 17. Amazon faults Plaintiff for being unable to allege that "either the JPEG or the detail listing page was ever *actually accessed* by anyone other than him[.]" (Mem. at 2-3.) But it is unclear how Plaintiff could allege access by others absent discovery. Amazon contends that "no member of the public could have found the image by browsing Amazon's site or by specifically searching for it on Amazon's search engine. Only someone who saved the URL, *i.e.* Plaintiff, could access it." (Reply at 9.) These statements, however convincing, require evidentiary support. Although the Court tends to agree with Amazon that viewership by anyone other than Plaintiff or those in connection with this litigation is highly unlikely because of the uniqueness of the URL/links, the record has not been sufficiently developed to support foreclosing Plaintiff's claim entirely on this basis.

Moreover, the question of Amazon's knowledge, which is key to contributory liability, cannot be answered in the absence of admissible evidence. For example, after receiving the DMCA Notices, Amazon points to an email its employee sent to Plaintiff, which stated, "The listing you identified appears to have been removed from Amazon.com. We trust this will bring this matter to a close." Compl., Ex. 9. At the motion to dismiss stage, the record is not complete as to how such a listing could be removed (*i.e.*, whether *Amazon* removed the listing in response to the DMCA Notices, whether the third-party seller sold the item and took down the listing[1], or whether it was removed by some other means). Id. Amazon's liability would depend on what it knew and how it responded to such knowledge.

Finally, none of the cases cited by Amazon support resolving Plaintiff's copyright issues on a motion to dismiss. See, e.g., Columbia Pictures Indus., Inc. v. Fung, 710 F.3d 1020, 1034 (9th Cir. 2013) (affirming grant of summary judgment where evidence showed "between 90 and 96% of the content associated with the torrent files available on Fung's websites are for 'confirmed or highly likely copyright infringing' material"); Religious Tech. Ctr. v. Netcom On-line Commc'n Servs., Inc., 907 F.Supp. 1361, 1381 (9th Cir. 1995) (denying motion for summary judgment as to contributory infringement because plaintiffs "raised a genuine issue of fact regarding whether Netcom should have known that Erlich was infringing their copyrights after receiving a letter from plaintiffs, whether Netcom substantially participated in the infringement, and whether Netcom has a valid fair use defense"). The ultimate issue of liability is more appropriately considered on a motion for summary judgment where the parties will have an opportunity to fully explain the means by which an image file could be made available for public viewing and/or download on Amazon and whether anyone other than Plaintiff actually accessed either the image or the detail listing page.

In accordance with the foregoing, the Court **DENIES** Amazon's motion to dismiss. The Court finds it unnecessary to rule on Plaintiff's Request for Judicial Notice.

---

[1] Amazon states "this photograph was never sold – either before or after Plaintiff's notice" (Reply at 12), but this statement too requires evidentiary support.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2115 ABC (Ex) | Date | May 28, 2014 |
|---|---|---|---|
| Title | Barry Rosen v. Amazon.com, Inc., et al. | | |

The parties are **ORDERED** to meet and confer regarding the scheduling of an early motion for summary judgment based on the issues raised in Amazon's motion to dismiss and any discovery necessary to support or oppose the summary judgment motion. Discovery on issues outside the scope of the summary judgment motion will be stayed until resolution of the motion. The parties are further **ORDERED** to submit a stipulation and proposed order regarding the scheduling of discovery and setting forth a proposed briefing and hearing schedule for the summary judgment motion **no later than June 11, 2014**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ljw for AB | |